UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOHN THOMAS BERRY,            ) | |
| )  | |
|     Plaintiff,            ) | |
| )  | |
| v.                                         ) | No. 1:08-cv-00438-JAW |
| )  | |
| WORLDWIDE LANGUAGE    ) | |
| RESOURCES, INC.,                    ) | |
| )  | |
|     Defendant                  ) | |

**ORDER**

      The defendant, WorldWide Language Resources, Inc., has filed a motion requesting that this court sanction the plaintiff, Thomas Berry, for lying under oath, tampering with witnesses, and engaging in other discovery abuses.  (Mot. for Sanctions at 1, Doc. No. 54.)  WorldWide asks this court to award its reasonable attorneys' fees and costs incurred in filing this motion, taking Berry's allegedly perjured testimony, and proving the truth of the facts about which Berry lied at his deposition.  Finding no discovery abuse connected with the production of tax records and concluding that the record I presently have before me supports neither a finding of perjury nor of witness tampering, I deny the request.  However, at the trial of this matter these items pertaining to Berry's relationship with Marianna Chachkova and her current husband, Paul Russo, may ultimately be ruled relevant and become admissible.  If the court determines, after having a full opportunity to assess witness credibility and the context in which certain statements were made, that either perjury or witness tampering did occur, then WorldWide should be given leave to renew its request based upon the fully developed record.

**Legal Standard**

Where a deposition is in question, Rule 30(d) of the Federal Rules of Civil Procedure allows for imposition of an "appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Where production of documents is in question, Rule 37 contemplates sanctions for failures to disclose discovery materials or admit facts, but these sanctions are ordinarily conditioned upon failure to comply with a prior order compelling disclosure or production (Rule 37(b)), a failure to produce information subject to automatic disclosure (Rule 37(c)(1), or prior service of a request for admission (Rule 37(c)(2)). In this District, the Court takes a "hands on" approach to managing discovery disputes. The Court may compel answers or production following a telephone conference with counsel, without requiring a party to file a formal motion to compel. A request for a discovery sanction is appropriately evaluated in relation to what the requesting party might otherwise have done in order to obtain compliance with the discovery Rules or otherwise rectify a past transgression. See, e.g., Brown v. Crown Equip. Corp., 236 F.R.D. 58, 61 (D. Me. 2006).

**Discussion**

WorldWide's complaints of discovery abuses fall into three categories, discussed in turn, below.

**A.     Production of tax records for the years 2002-2008**

The complaint in this case pertains to a contractual relationship between Berry and WorldWide that commenced in 2007. During the discovery phase of this litigation, neither party brought any discovery dispute regarding the production of Berry's tax records to my attention. Obtaining tax records would be a fairly routine discovery event in a case of this nature where the

2

plaintiff is claiming economic harm as a result of contractual breach by the defendant. However, the current motion for sanctions has nothing to do with economic harm to plaintiff, but rather is premised on an alleged failure by Berry to testify honestly at his deposition regarding his relationship with a Russian woman named Marianna Chachkova.

Berry lived with Chachkova prior to January 2003 (Chachkova Dep. at 6, Doc. 55-2) and apparently tried to assist her with immigration authorities during that time frame. Chachkova and Berry met in Russia in 1998 and she came to this country with him and lived with him for a period of time. (Berry Dep. at 42-47, Doc. 58-1.) Chachkova says she and Berry were legally married in Russia and that Berry cooperated in obtaining a divorce in Florida in order for her to marry her current husband, Paul Russo. During his deposition, Berry essentially denied that he and Chachkova were ever legally married or divorced. The 2002 tax records clearly render Berry's testimony on this issue suspect because Berry and Chachkova/Berry filed a joint return for that year.

The depositions of Chachkova and Russo were apparently intended to shed more light on these historical events, but the tax records themselves cast grave doubt on Berry's credibility, if this line of inquiry is intended as an attack on credibility. That defense counsel expended a great deal of time and money exploring the relationship between Berry and Chachkova through depositions of Chachkova and Russo in Florida was a litigation choice. That litigation choice arose for WorldWide because of a predicament it faced on account of its failure to demand more timely execution by Berry of his tax form authorization. WorldWide proceeded with the Florida depositions of Russo and Chachkova without having acquired the tax documents. Russo and Chachkova have absolutely no knowledge of the employment relationship between Berry and WorldWide and nothing to do with the facts giving rise to this lawsuit, but this motion for

sanctions is premised upon the assertion that Berry was once married to Chachkova, lied about that fact during his deposition, and, therefore, should have to pay the costs of the Florida depositions. According to WorldWide's counsel, Russo and Chachkova "had" to be deposed in order to expose Berry's lies, thus giving rise to this motion for sanctions.

The discovery process concerning tax records is as follows. On April 21, 2009, WorldWide made a discovery request for federal tax returns for calendar years 2003-2007. Plaintiff responded to the production request by informing WorldWide he did not have the documents but would execute an authorization in order to permit disclosure of those tax records. The response, served sometime in June 2009, was apparently treated as timely by WorldWide, at least WorldWide never requested a discovery conference with the Court. Neither counsel apparently followed up on the preparation of the authorization until WorldWide's attorney made a second request on October 6, 2009. Berry signed the authorization on November 13, 2009, the third day of his deposition. Berry had previously been deposed on July 31, 2009, and August 24, 2009, and apparently no mention of the tardy authorization had been made on either occasion.

On these facts, the failure to produce the authorization for tax records appears to be nothing more than inattentiveness by both sides' counsel and should not result in Berry being sanctioned for a discovery abuse. Had the tax records been produced prior to the third day of Berry's deposition, the fact that he had represented himself as married to Chachkova to the Internal Revenue Service in 2002 would have been apparent, obviating the need for deposing Russo and Chachkova to establish that point.

**B.     Witness Tampering vis-à-vis Paul Russo**

Russo and Berry have different versions regarding what occurred during a telephone call between them that took place shortly before Russo's deposition. Berry claims he merely

4

intended to give Russo and Chachkova a "heads up" regarding their depositions scheduled for September 21, 2009. Russo depicts the conversation as being more sinister, although the deposition excerpt furnished by WorldWide is short on detail. (See Doc. No. 55-1.) In any event, the record put before me on this motion does not support a finding of witness tampering.

**C.    Perjury relating to Marital Status**

This allegation is the most disturbing assertion made by WorldWide and may yet provide a basis for sanctions being imposed in this case. Contrary to Berry's argument in his memorandum, WorldWide has cited cases that would support the imposition of monetary sanctions as sought by this motion, given a properly developed factual record. See, e.g., Filippo v. Lee Publ'ns, Inc., No. 2:05 CV 64, 2007 WL 2713236, *4-9, 2007 U.S. Dist. Lexis 68710, *10-25 (N.D. Ind. Sept. 12, 2007) (awarding costs based on successful motion to compel); Jones v. Clinton, 57 F. Supp. 2d 719, 724 (E.D. Ark. 1999) (awarding costs secondary to finding of contempt of court order). Even though the Chachkova/Berry relationship has precious little to do with the dispute giving rise to this litigation, Berry's deposition testimony on the issue is disturbing, as is his position vis-à-vis the 2002 tax returns and the divorce proceedings in the Florida courts. I do not intend to minimize the seriousness of that conduct as alleged in these pleadings. I simply do not find that I have a sufficiently developed record in front of me upon which I could impose any sort of monetary sanctions for the claimed discovery violations. I find WorldWide's theory that it had to expend all of this time and money to "prove the truth of the facts about which Plaintiff lied at his deposition" (Mot. for Sanctions at 1) to be somewhat disingenuous, given the content of the tax records that could have been obtained much earlier in the litigation with some minimal effort on the part of counsel, as Berry never refused to sign the authorization. WorldWide says Berry testified other than truthfully at his deposition when he

said he never represented to anyone that he was legally married to Chachkova. The record, even without the Chachkova and Russo depositions, strongly suggests that Berry represented to the IRS in 2002 that he and Chachkova were legally married. The current record before this court is not an attractive one, suggesting the possibility of perjury, tax fraud, and immigration irregularities, but I do not find that a discovery sanction is appropriate on the basis of the existing record.

## Conclusion

For the reasons set forth above, Defendant's Motion for Sanctions (Doc. No. 54) is DENIED.

## CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed.R.Civ.P. 72.

*So Ordered.*

November 2, 2010               /s/ Margaret J. Kravchuk
                               U.S. Magistrate Judge