UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOHN THOMAS BERRY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 1:08-cv-00438-JAW |
| WORLDWIDE LANGUAGE RESOURCES, INC., | ) ) ) ) |
| Defendant. | ) ) |

**ORDER AFFIRMING IN PART AND MODIFYING IN PART THE MAGISTRATE JUDGE'S ORDER**

On September 14, 2010, WorldWide Language Resources, Inc. (Worldwide) moved for sanctions against John Berry for perjury, witness tampering, and other discovery misconduct. *Def.'s Mot. to Sanction Pl. for His Perjury, Witness Tampering and Other Disc. Misconduct* (Docket # 54). Mr. Berry responded on October 4, 2010. *Pl.'s Opp'n to Def.'s Mot. for Sanctions* (Docket # 57). WorldWide replied on October 18, 2010. *WorldWide Language Resources, Inc.'s Reply to Pl.'s Opp'n to the Mot. to Sanction Pl.* (Docket # 60). On November 2, 2010, the Magistrate Judge issued an Order, denying the motion for sanctions but raising the possibility that the events about which WorldWide is complaining could form the basis of sanctions in the future. *Order* (Docket # 64). WorldWide has objected to the Order and Mr. Berry has responded. *Def.'s Objection to Magistrate Judge Kravchuk's Order Denying Def.'s Mot. for Sanctions* (Docket 65); *Pl.'s Resp. to Def.'s*

*Objection to Magistrate Kravchuk's Order Denying Def.'s Mot. for Sanctions* (Docket # 66).

As the Magistrate Judge's Order is on a non-dispositive matter, the standard for review is whether the Order "is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a). The Court has carefully reviewed WorldWide's objections and readily concludes that the substance of the Magistrate Judge's detailed Order is neither clearly erroneous nor contrary to law.

The Order itself suggests, however, that the same set of underlying facts, if further developed, might provide a basis for the imposition of sanctions. In the Magistrate Judge's words:

> If the court determines, after having a full opportunity to assess witness credibility and the context in which certain statements were made, that either perjury or witness tampering did occur, then WorldWide should be given leave to renew its request based on the fully developed record.

*Order* at 1.

Apart from its substantive objections, WorldWide is concerned about the potential preclusive impact of a denial of its motion for sanctions and urges the Court to clarify that its motion is dismissed without prejudice. To address WorldWide's concern and to forestall a future dispute about the impact of this Order, in view of the Magistrate Judge's suggestion that these same underlying facts, when more fully developed, could provide the basis for the imposition of sanctions, the Court alters only the relief from denial to dismissal without prejudice. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990) ("Dismissal without prejudice is a dismissal that does not operate as an

adjudication upon the merits, and thus does not have a res judicata effect"). Otherwise, the Court affirms the Order in its entirety.

The Court DISMISSES WITHOUT PREJUDICE Defendant's Motion to Sanction Plaintiff for His Perjury, Witness Tampering and Other Discovery Misconduct (Docket # 54).

SO ORDERED.

                        /s/ John A. Woodcock, Jr.
                        JOHN A. WOODCOCK, JR.
                        CHIEF UNITED STATES DISTRICT JUDGE

Dated this 3rd day of December, 2010